UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS JEFFERY KING, | ) | CASE NO. 4:10cv1835 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| TRACY W. JOHNS, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff *pro se* Thomas Jeffery King filed this action under the Administrative Procedure Act, 5 U.S.C. § 552a(e)(5), (b)(i)(C) and 5 U.S.C. § 552a(d) and (b)(1)(A)and Fed. R. Civ. P. 60(d) against defendants Tracy W. Johns, Warden at FCI Butner, Mrs. Johnson, Case Manager at FCI Butner, J.T. Shartle, Warden at FCI Elkton, V. Burton, Case Manager at FCI Elkton and Gary B. Turner, United States Probation Officer.[1] (Doc. No. 1.) Plaintiff was convicted of conspiracy and attempting to conduct illegal financial transactions with proceeds of an unlawful activity, conducting and attempting to conduct illegal financial transactions that affected interstate commerce, possessing marijuana for intended distribution and conducting a criminal enterprise in the United States District Court for the Eastern District of Tennessee. 18 U.S.C. § 1956, 21 U.S.C. §§ 841(a)(1), 846 & 848. *United States v. King*, Case No. 1:94-cr-036. He was

---

[1] 5 U.S.C. § 552a pertains to records maintained on individuals. Plaintiff submitted his Complaint on forms used for civil rights cases.

1

sentenced to a term of imprisonment of 262 months. The Sixth Circuit Court of Appeals affirmed his conviction. *United States v. King*, 169 F.3d 1035 (6th Cir. 1999). On October 29, 2004, the district court denied his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The denial of his Motion for Relief from Judgment pursuant to Fed. R. Civ. P 60(b)(4) was affirmed by the Sixth Circuit Court of Appeals on January 17, 2008, on the ground that he had not shown that he was entitled to a Certificate of Appealability. *United States v. King*, Case No. 07-5760.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Plaintiff disputes the criminal history scoring of his Pre-Sentence Report. *See* Comp. at 4-5.) He requests that the Court apply fraud and set his criminal history at the low end. (*Id*. at 6.) These allegations clearly challenge the validity of Plaintiff's sentence in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, [...] his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 or § 552a is not a permissible

alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*. Accordingly, dismissal is warranted.[2]

Plaintiff also brought this action under Fed. R. Civ. P. 60(d), Other Powers to Grant Relief. Rule 60(d) does not, however, allow a federal court to grant relief from judgment. It merely continues the equity power the courts had to grant relief before the enactment of the federal Rules of Civil Procedure in 1938. *Reid v. Moore*, 2009 WL 3857431 * 1 (S.D. Ohio, Sep. 11, 2009). In *United States v. Beggerly,* 524 U.S. 38 (1998), the court held that if the error from which relief was sought could have

> at best form[ed] the basis for a Rule 60(b)(3) [fraud] motion, the strict 1-year time limit on such motions would be set at naught. Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of "injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata.*

*Id*. at 45.

---

[2] Plaintiff could not proceed even if he had brought this action as a Petition for Writ of Habeas Corpus. Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255; *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241; *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166. Plaintiff is challenging the imposition of his sentence, not the execution or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991)). He has not shown that a § 2255 motion would have been inadequate or ineffective or that § 2241 is applicable.

Plaintiff has not shown that he is entitled to relief under Rule 60(d). Review of the Complaint filed in this Court shows that Plaintiff has not alleged any facts demonstrating fraud.[3]

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 14, 2010

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[3] Petitioner must have raised this issue in his Rule 60(b) Motion filed in the United States District Court for Eastern District of Tennessee and affirmed by the Sixth Circuit as those issues were decided after he presented this issue to the Warden. *See* Exhibit H, attached to the Complaint.