UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS JEFFERY KING, | ) | CASE NO.  4:10cv1835 |
| Plaintiff, | ) | |
| vs. | ) | JUDGE SARA LIOI |
| TRACY W. JOHNS, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | [Resolving Doc. 6, 8, 18] |

This matter is before the Court upon Plaintiff Thomas Jeffery King's motions for reconsideration (Doc. 6), rehearing (Doc. 8) and relief (Doc. 18), all of which appear to relate to the Court's October 14, 2010 dismissal of his Complaint. (Doc. 4.)

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *Rodriguez v. City of Cleveland*, No. 1:08-CV-1892, 2009 WL 1565956 at * 1 (N.D. Ohio, Jun 3, 2009) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979)). Similarly, a motion for rehearing falls within the provisions of Rule 59(e). *See Michigan Dessert Corp. v. A.E. Stanley Mfg. Co.*, 23 Fed. App'x 330, 336 (6th Cir. 2001). The motion is disfavored and is seldom granted because it contradicts notions of finality and repose. *Id. See Wells Fargo Bank v. Daniel*s, No. 1:05-CV-2573, 2007 WL 3104760, at * 1 (N.D.Ohio, Oct.22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Sigal, Inc.*, 904 F.Supp. 644, 669 (N.D.Ohio, 1995). A court may grant a motion to amend or alter judgment if there is a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). "It is not the function of a motion to

reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio, 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1408 (S.D. Ind., 1994)).

Plaintiff's remaining motion is captioned a "motion for relief pursuant to 28 U.S.C. § 2255," a citation to the federal habeas corpus statue that Plaintiff has interlineated. (Doc. 18.) However, by the end of the motion, Plaintiff cites 42 U.S.C. § 1983 as the basis for his motion (Doc. 18 at 10), in which he raises entirely new claims never before brought before this Court, including claims for violations of due process and the Fourth Amendment as well as the suppression of evidence by the government. He also seeks to add a new plaintiff, on whose behalf he apparently intends to pursue claims.

Plaintiff originally filed this action under the Administrative Procedure Act, 5 U.S.C. § 552a(e)(5), (b)(i)(C) and 5 U.S.C. § 552a(d) and (b)(1)(A) and Fed. R. Civ. P. 60(d). He disputed the criminal history scoring of his Pre-Sentence Report, and requested that the Court apply fraud and set his criminal history at the low end. These allegations clearly challenged the validity of Plaintiff's sentence in an Ohio penal institution. The Court held that such claim, which contested the imposition of sentence, must be brought as a petition for writ of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and that Fed. R. Civ. P. 60(d) did not apply to his case.

Plaintiff has filed several motions and a large number of supplements and affidavits since the Court dismissed this action. Each of the motions is heavily interlineated with

handwritten additions and states claims that are difficult to identify. The supplements and affidavits filed by Plaintiff (Docs. 7, 9, 10, 11, 12, 13, 14, 15, 16, and 17) are largely hand-written and are difficult to decipher.

The Court has, to the best of its ability, reviewed Plaintiff's statements in his motions for rehearing and reconsideration (Docs. 6, 8), the exhibits attached thereto and his numerous supplements and affidavits. It finds that he has not made the requisite showing under Rule 59(e) of a clear error of law in the Court's dismissal of this action, nor has he shown that newly discovered evidence exists, an intervening change in controlling law has occurred, or that manifest injustice would be prevented if the case was reinstated. *See Gencorp*, 178 F.3d at 834. While the Court recognizes that filings by pro se plaintiffs are to be liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 521 (1972), that principle is not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278.

Accordingly, Plaintiff's motions for reconsideration and rehearing (Docs. 6, 8) are DENIED. Plaintiff's motion for relief (Doc. 18) is likewise DENIED. Plaintiff cannot raise a claim under § 2255 at this juncture, nor can he, acting pro se, raise claims on behalf of another plaintiff. Moreover, Plaintiff cannot pursue claims under 42 U.S.C. § 1983 which he has never before raised after judgment has been entered in this matter.

As Plaintiff has continued to submit meritless filings in this matter at the rate of at least two per week after final judgment was entered, the Clerk's office is instructed that it should

no longer accept filings other than a notice of appeal from Plaintiff in this matter. Any filings received should be returned to Plaintiff unfiled, along with a copy of this order.

**IT IS SO ORDERED**.

Dated: April 5, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**